## PETROPOLE v. JACOBS.

No. 11040—Opinion Filed March 29, 1921.

(Syllabus.)

**Appeal and Error—Findings—Conclusiveness.**

Where the trial court makes a finding upon a question of fact, and the finding of the court is not clearly against the weight of the evidence, the judgment rendered thereon will not be disturbed on appeal as being contrary to the evidence.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Judgment in favor of F. W. Jacobs against George Petropole. From order overruling Petropole's motion to stay execution, he brings error. Affirmed.

McDougal, Lytle, Allen & Pryor, for plaintiff in error.

John G. Ellinghausen and F. W. Jacobs, for defendant in error.

McNEILL, J. On February 17, 1919, F. W. Jacobs secured judgment in the district court of Creek county against Petropole for $918. On the 28th day of February, 1919, the parties attempted to settle said judgment by Petropole giving Jacobs $50 in cash and a check payable April 1, 1919, in the sum of $100, and Jacobs contends the check was received upon the representation of De-Maras, who was present at the settlement, that if said check was presented to him, De-Maras, the next morning he would cash the same and pay Jacobs the $100. Jacobs executed a receipt in full for said judgment, but the same was never filed.

On the 1st day of March, 1919, Jacobs filed in the district court a protest, alleging that the receipt signed by him in settlement of the judgment was obtained by fraud and deceit and upon a worthless check. Jacobs thereafter had execution issued and levied upon property belonging to Petropole. Petropole filed a motion in the original case to stay execution, alleging that the judgment had been fully satisfied, and attached the receipt to his motion, and asked that the court make an order staying execution in said cause. The case came on for hearing before the court upon the motion to stay the execution, and the court, after hearing testimony, denied the motion. The court made a finding that the witness DeMaras was the agent of Petropole in the transaction, and DeMaras had agreed to pay the check the next morning after the settlement, and failed and refused to do so, and that Petropole was bound by the acts of the agent, and the court permitted the $50 paid Jacobs to be credited upon the judgment. From the over-ruling of the motion to stay execution an appeal has been prosecuted to this court.

For reversal, the plaintiff in error contends that there is only a question of fact in issue in the case, and that is the judgment of the district court is without any evidence to sustain the same and is wholly contrary to the evidence. Without considering whether the order overruling the motion for stay of execution is an appealable order, we will consider the question whether there was any evidence to support the finding of the court that DeMaras was an agent of Petropole and that the receipt was obtained by fraud and deceit. The evidence disclosed that DeMaras and Petropole had been together for several days trying to effect a settlement with Jacobs; there is evidence that the parties, or some of them, had been drinking during said time, and DeMaras represented that he was unfriendly to Petropole, and friendly to Jacobs, and advised Jacobs that Petropole was broke and if Jacobs did not make a settlement with Petropole, that he would be unable to realize anything upon his judgment. A witness testified that he was present when Petropole and DeMaras, a few days prior thereto, had offered Jacobs $300 to settle the case and Jacobs refused to do so. The evidence also disclosed that at the time of settlement and giving the $100 check, postdated April 1, 1919, DeMaras represented he would take the check up the next day, and this was the inducement held out to get Jacobs to accept the same. The evidence supports the finding of the court that there was concerted effort on behalf of DeMaras and Petropole by the use of intoxicating liquor and fraudulent representations to settle and compromise this judgment, and after obtaining the settlement of compromise, DeMaras refused to carry out the terms thereof.

We therefore conclude that the finding of the court is not clearly against the weight of the evidence.

The judgment is, therefore, affirmed.

HARRISON, C. J., and PITCHFORD. ELTING, and NICHOLSON JJ., concur